**Order entered September 11, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01199-CR

### MARK MCCAY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 4
### Dallas County, Texas
### Trial Court Cause No. F11-00694-K

## ORDER

The Court **REINSTATES** the appeal.

On June 12, 2013, we ordered the trial court to make findings regarding the whether the clerk's record could be supplemented with certain documents and whether hearings were conducted on certain motions.

As to the missing documents from the clerk's file, we **ADOPT** the trial court's findings that: (1) a member of the Dallas County District Attorney's Office located copies of the documents that did not bear a file-stamp; (2) appellate counsel, on consultation with trial counsel, located file-stamped copies of (a) the motion to dismiss the indictment for attempted theft for failure to state an offense due to absence of the essential element of ownership, (b) motion to quash indictment, (c) motion to dismiss the indictment as impermissibly vague and for

failure to state an offense and memorandum in support, and (d) motion to dismiss the indictment for improper aggregation and for lack of jurisdiction; (3) these documents are file-stamped April 2, 2007 and appear to be complete; (4) the documents were properly filed under prior cause numbers in the case, adopted into the record in this cause number by the trial court, and can be included in a supplemental clerk's record; (5) appellant's trial counsel also located defendant's motion to dismiss on grounds of the denial of equal protection and equal rights and privileges of the law and the abridgement of the constitutional and statutory function of the grand jury, which is file-stamped April 2, 2007; (6) the April 2, 2007 motion contained in trial counsel's file does not contain the voluminous exhibits that were attached to the copy of the motion contained in the prosecutor's file; (7) the copy of the April 2, 2007 motion, with exhibits, was properly filed, adopted in to the record in this cause number by the trial court, and the copy, including exhibits, obtained from the prosecutor's file can be included in a supplemental clerk's record; and (8) neither the prosecutor's nor trial counsel's files contained the motions to quash the indictment for failure to specify manner and means, thus the record cannot be supplemented with that document.

As to the reprorter's records of the hearings conducted in the case, we **ADOPT** the findings that: (1) Janice Garrett, official court reporter of the Criminal District Court No. 4, requires additional time to research and prepare the supplemental reporter's record due to a hand injury; and (2) Ms. Garrett requested sixty days from the September 9, 2013 hearing to file the supplemental reporter's record.

We **ORDER** the Dallas County District Clerk to file, within **TWENTY-ONE DAYS** of the date of this order, a supplemental record containing the trial court's September 9, 2013 written findings of fact and the following motions:

- motion to dismiss the indictment for attempted theft for failure to state an offense due to absence of the essential element of ownership;

- motion to quash indictment;

- motion to dismiss the indictment as impermissibly vague and for failure to state an offense and memorandum in support;

- motion to dismiss the indictment for improper aggregation and for lack of jurisdiction;

- motion to dismiss on grounds of the denial of equal protection and equal rights and privileges of the law and the abridgement of the constitutional and statutory function of the grand jury, with exhibits.

We **ORDER** court reporter Janice Garrett to file, by **FRIDAY, NOVEMBER 15, 2013**, the remaining portions of the reporter's record and all exhibits. *We remind Ms. Garrett that as official court reporter, it is her obligation to notify and coordinate with all court reporters who recorded proceedings in this case, and that Ms. Garrett will be responsible for filing the complete record.* Because this appeal has already been pending for one year and appellant's brief cannot be filed until the record is complete, no further extensions will be granted. If Ms. Garrett does not file the complete remaining portions of the reporter's record by the date specified, we will order that she not sit as a court reporter until she has filed the complete record in this appeal.

We **DIRECT** the Clerk to send copies of this order, by electronic transmission, to the Honorable Dominique Collins, Presiding Judge, Criminal District Court No. 4; Janice Garrett, official court reporter, Criminal District Court No. 4; Gary Fitzsimmons, Dallas County District Clerk; Dallas County District Clerk's Office, Criminal Records Division; and counsel for all parties.

/s/    DAVID EVANS
       JUSTICE